UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NAFEZ R. WADI,

Petitioner,

v.

CHARLES GREEN, et al.,

Respondents

Civil Action No. 16-4613 (JLL)

OPINION

**LINARES**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Nafez R. Wadi, pursuant to 28 U.S.C. § 2241. (ECF No. 1).  At this time, this Court is required to screen the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 petitions through Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  For the reasons set forth below, this Court will dismiss the petition without prejudice.

## I. BACKGROUND

Petitioner, Nafez R. Wadi, is a native and citizen of Israel who entered this country on a student visa in 1983.  (ECF No. 1 at 7).  Petitioner was taken into immigration custody on or about August 27, 2015, and has been detained at the Essex County Correctional Facility since that time.  (*Id.* at 3).  While he has been held for nearly a year, during that time Petitioner has received several bond and custody redetermination hearings.  (*Id.* at 5-6).  Specifically, Petitioner states that he received a bond hearing on October 28, 2015, but was not released following that hearing.  (*Id.* at 5-6).  Petitioner received a further custody redetermination hearing on November 13, 2015, where

the immigration judge again denied Petitioner bond. (*Id.* at 6). Petitioner also had a third custody hearing on April 19, 2016, where he was denied bond a third time. (*Id.*). Petitioner has apparently filed an appeal of that most recent bond denial, which apparently remains pending before the Board of Immigration Appeals (BIA). (*Id.*).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), the courts are required to preliminarily review habeas petitions and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

**B. Analysis**

In his habeas petition, Petitioner essentially asserts a single claim – that his continued detention pending removal proceedings for nearly a year is unconstitutional.  In making that claim, Petitioner relies on case law applicable to criminal aliens held without bond hearings under 8 U.S.C. § 1226(c).  *See Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011); *Madrane v. Hogan*, 520 F. Supp. 2d 654 (M.D. Pa. 2007).  The problem with that argument, however, is that Petitioner's situation is inapposite to those cases; by his own admission, Petitioner has been afforded a bond hearing and several custody redetermination hearings.  Thus, it appears that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) rather than (c).  *See, e.g., Pena v. Davies*, No. 15-7291, 2016 WL 74410, at *1-2 (D.N.J. Jan. 5, 2016) (§ 1226(c) only applies to criminal aliens, the Government has the authority to detain non-criminal aliens pursuant to § 1226(a)).

In any event, as Petitioner has yet to receive a final order of removal, the only relief available to him in this Court would be a bond hearing.  *See Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469, 474-76 (3d Cir. 2015); *Pena*, 2016 WL 74410 at *2 (relief for pre-final order immigration detainees pursuant to a habeas petition is limited to the ordering of a bond hearing).  Petitioner has not only already received a bond hearing in his immigration matter, but has also received multiple custody redetermination hearings, and has been continually denied release on bond.  (ECF No. 1 at 5-6).  It thus appears from the allegations in the petition that Petitioner has already received the only relief available to him here – a bond hearing.  Where a Petitioner has received a bona fide bond hearing before an immigration judge, this Court "does not have the power to second guess the discretionary decision of the IJ to deny . . . release on bond."

3

*Pena*, 2016 WL 74410 at *2; *see also* 8 U.S.C. § 1226(e) (the "Attorney General's discretionary judgment regarding the [granting or denial of bond] shall not be subject to review.  No court may set aside any action or decision [of an immigration judge] regarding the detention or release of any alien, or the grant, revocation, or denial of bond or parole"); *Reeves v. Johnson*, No. 15-1962, 2015 WL 1383942, at *3 (D.N.J. Mar. 24, 2015); *Pisciotta v. Ashcroft*, 311 F. Supp. 2d 445, 454 (D.N.J. 2004).  Thus, because Petitioner has received several custody hearings, including a bond hearing, and been denied bond, and because this Court has no authority to review the immigration judge's determinations as to bond, Petitioner's petition must be dismissed without prejudice.  *Pena*, 2016 WL 74410 at *2.

## III. CONCLUSION

For the reasons stated above, Petitioner's petition for a writ of habeas corpus (ECF No. 1) is dismissed without prejudice as Petitioner has received the only remedy available to him in this Court, and because this Court is without authority to review the immigration judge's discretionary decision as to bond.  An appropriate order follows.

Hon. Jose L. Linares,
United States District Judge

4